And that is United States v. Christopher Hale. Mr. Pennington, whenever you're ready. Thank you, Your Honor. May it please the court, Chad Pennington on behalf of the appellate in this matter, Mr. Christopher Hale. Mr. Christopher Hale seeks reversal and remand of the District Court's 240-month custodial sentence for two fundamental reasons, Your Honors. First, the District Court procedurally erred in not properly situating or comparing Mr. Hale's 240-month sentence with comparably situated career offenders. And second, the actual duration, the amount of time imposed here, the 240-month custodial sentence was substantively unreasonable under this court's jurisprudence regarding substantive unreasonableness. We'll start basically with the effect of the career offender guideline in this case that's fleshed out in our brief, but I do think it's important to situate the appeal here with that in mind. But just to be clear, Mr. Pennington, I did not understand you to be arguing that just as a matter of technical application of the sentencing guidelines that Judge Brady had made some kind of mistake. You're really arguing, it's a much more ambitious argument, one that would require us to set aside a longstanding rule that once you have a sentence within the guidelines, you have, in fact, taken care of disparities. They're written with a national market in mind. And instead, it's really more a data-driven approach that you think, I guess, as a matter of law that needs to be taken, because there would be nothing to prevent a district court in her discretion from looking at the data that you're talking about. But no one has ever said she has to. She's communicated and she's worked with the guidelines. She looks at the 3553 factors. She comes up with a below guideline sentence, which we don't usually, if ever, I don't think ever, actually set aside as unreasonably long. So anyway, you've set the table for yourself in a pretty demanding way. Your Honor, I would agree. This is a fairly And I would also agree, Your Honor, that with respect to the PSR calculation, there was no contestation raised at the district court level. There was no objection raised. So the finding as to a career offender, that's not before the court here. Right. That's not before the court. And I mean, it's not a lot below, but it's, what, it's 22 months below the low end of the guidelines? That's correct. And the argument is that that is inconsistent radically with the national trend in career offender sentencing. Okay. If I could add before you launch into the substance of that, another couple of layers of ambition in your argument here to follow the theme. The argument was waived because there was no such argument raised in the sentencing advocacy below. Nothing having to do with the statute of limitations. The argument was that there was no such argument raised in the sentencing advocacy. And that's a waiver under our case law. Your Honor, I would disagree. I think that with respect to this court's jurisprudence on a waiver, the question has to be construed liberally in favor of the defendant, liberally against the government. The sentencing memoranda that Mr. Hale submitted said that a minimally sufficient sentence needs to be imposed pursuant to 3553A that would encompass 3553A-6, the unwarranted disparity argument. But that's asking the district court to discern a lot from very few words. I thought you were going to argue that it wasn't raised, but it wasn't raised in favor of the government. Well, let me conclude that the Court of Appeals brought forth a recommendation from Court of Appeals for a standardized waiver that would be an appropriate measure. It is not an appropriate measure, and we do believe that there at least has been enough here established where the Court can review the challenge under the plain air, understanding that it's deferential under the findings of the district court. There still is some modicum of appellate review based on this record here. Is it your view, having not raised the issue of census, that it's an appropriate measure that the same disparities as compared to other career offenders that the judge erred by failing to raise it sui sponte? Your Honor, the obligation to raise an unwarranted disparity argument, it's not something that the district court needs to address sui sponte. It needs to address it as a matter of assessing the statutory factors of sentencing. And when its variance is so inconsistent with the national trend with respect to career offender sentencing, it has to articulate a sufficient explanation of basis for why the variance was imposed. So the judge is supposed to do all of that research for the defense counsel and make the argument for the defense counsel that there's an unwarranted disparity here, and that's why I'm going to go even lower than I was originally inclined to go from under the guidelines. No, Your Honor, I don't think it would be appropriate. I would agree that the district court doesn't advance an argument. Well, that's what a win in your favor on plain error review would communicate to the district judges, that this is a pitfall for them, and if they don't anticipate this argument, even when it's not raised, and if they don't raise it themselves and do all that research and come up with a data-driven argument about national trends, which is basically the argument you're making on appeal, then they're going to get reversed. No, Your Honor— Because plain error review— I would think that the standard—I didn't mean to cut you off, Your Honor. The argument that we're expressing here is not that they need to advance a particular argument, review a particular set of data points. It's that they have to consider the disparity under 3553A6. That's statutory obligation for the court to consider. That's implicit in a correctly calculated guidelines range that the court considered it. Black letter case law. That's correct, Your Honor. That if— So that argument fails. Next. Your Honor, I would say that with regards to whether the court has to consider sentencing data, it's not the argument. It's more refined in the sense that it has to consider whether the sentence imposed is consistent with the national framework or the national trends within a particular type of sentencing. So it doesn't have to consider the data. I know that's foreclosed under, at the very least, the Oregon case that came out recently, although I do think that case is factually distinguishable. I understand the premise of law is derived from that case. What we're saying here is that the court does have an obligation to consider unwarranted disparities, and they have to situate that analysis within those national trends. I did not hear an argument or an answer to my earlier question about why this isn't a waiver rather than a forfeiture. Your Honor, I think it's not a waiver because there was the issue raised of what is the minimally sufficient sentence appropriate— That's a very generalized argument. That's not a specific argument about unwarranted disparities of the sort that you're raising here. Your Honor, I think construing the standard liberally in favor of the defendant, I do think it's adequate. You can't rely on that broad principle. You have to give me something specific within the context of Perez, which is our waiver case, where the district court specifically invites the defense attorney to identify arguments that were overlooked. And the defense attorney says, no, you've addressed everything, Judge. Under Perez, that's a waiver of any argument omitted. Certainly, Your Honor. But I do think it's distinguishable here. One, the district court in this case is, if I addressed your principle mitigation arguments, the defense counsel needs to address under our case law. Non-principle arguments can be passed over in silence. And furthermore, Your Honor, I think the difference here as to waiver is that the sentencing advocate at the trial level says the sentence should be fashioned appropriately under 3553A. I do think that when she raises that particular issue, that forecloses a finding that there's a waiver here, Your Honor. How can that possibly be the case? A general statement to follow the law, Judge, in imposing sentence is enough to preserve any argument under the sun? That's preposterous. Your Honor, I think that the difference that happened here is that when the judge asked if I raised any of your principle mitigation arguments, I think it's important to note that the defense counsel says yes, but it doesn't, that's not necessarily an agreement with the district court's finding. It's just simply saying that you addressed those arguments. Right. Which means you've waived anything that was omitted. If you have a chance to point out to the judge that the judge has overlooked something, that's the time. And if you don't raise it, then review is foreclosed. But that does mean that you had to have thought of the argument. And the world of forfeiture involves arguments that everybody overlooks. Sometimes the court overlooks it as well as it is that question. And is that question enough to inoculate against forfeiture when somebody has just flat missed the boat, which is what forfeiture is about? There's no intentional relinquishment of a known right. It's not a situation where you attack this but not that. Those are situations where we definitely infer waiver because we assume there was a strategic reason to attack one point versus another. Forfeiture is different. I agree, Your Honor. And I think at the very least, Judge Sykes, if the court was to conclude here that there's a waiver, I understand the court's rationale for it. I do think at the very least that there's a basis for review under the plain air standard. By which you mean it's forfeiture. By which I mean forfeiture. It can't be reviewed if it's forfeiture. Exactly. By which I mean forfeiture. Keep our terminology correct. Thank you. Thank you. Mr. Timken. Good afternoon, Your Honors. And may it please the court, Eli Timken for the United States. I'll be brief. This court should affirm Mr. Hale's below guideline sentence. It was both procedurally sound and substantively reasonable. First, on the procedural point, Mr. Hale's somehow arguing that the district court needed to consider potential sentencing disparities that he points to national statistics on. He didn't present that to the court below. He went further and affirmatively waived that argument. To some of the questions the court was asking to my colleague. First, referencing the Section 3553A factors generally does not sufficiently raise every argument that could possibly be within those factors. If that were the case, then a lot of cases finding waiver would all be wrong. As this court's case law holds, a defendant needs to specifically identify an argument to present it to the district court. Next, on to the point about waiver versus forfeiture. I believe this is the first time that the defendant has mentioned forfeiture in plain error. He hasn't argued that this was just a forfeiture, not a waiver. His argument has been that he presented the argument sufficiently instead and didn't fail to preserve it at all. Just to address that point, I won't go back to it now, but there's no basis to find that this was just a forfeiture. To Judge Wood's question about whether there would be any strategic reason not to raise this argument and did counsel just miss it, the court has never even nodded towards this kind of statistical analysis. The court has repeatedly held that considering an accurately calculated guidelines recommendation satisfies any obligation under Section 3553A.6 that the court has also held that when faced with these types of statistics, the district court isn't required to conduct that analysis. The district court here did exactly what it was supposed to do. It conducted an individualized analysis. Even on their own merits, the statistics that the defendant is now raising do exactly the opposite of that. Just briefly on the substantive reasonableness point, this court has never held that a below guideline sentence like this one is substantively unreasonable. The district court had good reasons based on the nature of the offense, the multiple drug sales here and Mr. Hill's long criminal history with three career offender predicates at this point. Unless the court has any questions, the government asks that this court affirm Mr. Hill's sentence. Thank you. Thank you very much. Mr. Pennington, your time has expired so we'll take the case under advisement and that concludes today's calendar. The court will be in recess.